UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DANIEL DURAN,<br>    Plaintiff,<br>  v.<br>WERFEL, DANNY AND IRS,<br>    Defendant. | Case No. 24-cv-08638-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 21 |

  Victor Duran, who is representing himself, filed a lawsuit related to actions that allegedly occurred on or around November 30, 2023. (Dkt. No. 1 at 7.)[1] On May 28, 2025, the original complaint was dismissed, under Rule 12(b)(6), because Duran did "not identify a cognizable legal theory [or] allege facts that support any claim." (Dkt. No. 18 at 1.) Duran filed a First Amended Complaint, asserting claims for breach of fiduciary duty, negligence, and declaratory or injunctive relief. (Dkt. No. 20, ("FAC").) As he did in his original complaint, the FAC states that Duran appointed "Defendant" as a fiduciary trustee, via a notice, to "settle Plaintiff's outstanding obligations," but Defendant failed to discharge Duran's debts, causing Duran harm because he "remains pursued for the same purported debts." (*Id.* ¶¶ 1–5.) The FAC contains no other factual details about the alleged misconduct. Duran identifies "Danny Werfel, IRS Commissioner" and "Internal Revenue Service" ("IRS") as Defendants in the caption of the FAC, but the remainder of the FAC refers to a singular "Defendant" without identifying which of the two Defendants is being referenced. (FAC.) The United States, on behalf of Defendants, has moved to dismiss the FAC. (Dkt. No. 21.) The Motion is **GRANTED** for the reasons described

---

[1] All citations to page numbers refer to ECF pagination.

1

below.

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. The rule is satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds on which the claims rest. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A complaint that fails to meet this standard should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Defendants argue, first, that Duran's claims should be dismissed for lack of subject matter jurisdiction because they are frivolous, because they are barred by various federal statutes, and because Duran has not established waiver of sovereign immunity. (Dkt. No. 21 at 5–10.) However, as with the original complaint, the factual statements in Duran's FAC are simply too vague and conclusory to determine that this action is frivolous, or that the Court otherwise lacks subject matter jurisdiction over the claims. *See*, *e.g.*, *Villanueva v. Bowers*, No. 25-cv-08146, 2025 WL 1918555, at *4 (D. Ariz. July 11, 2025). For the same reason, the FAC fails to provide Defendants with fair notice. *Id.* For example, it is not clear whether Werfel or the IRS is the Defendant referenced throughout the complaint. It is also unclear what "fiduciary duty" was allegedly owed to Duran, what specific actions were in breach of that duty, and when the alleged breaches occurred. In sum, Duran has not fixed the problems that the Court identified regarding the lack of factual content in the original complaint. *See Somers*, 729 F.3d at 959. Because the FAC does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the motion to dismiss is **GRANTED**.

Dismissal is without leave to amend and with prejudice. Duran has had an opportunity to

address the defects in his pleadings, but has been unable to cure them.  Duran seeks to assert new claims in his opposition to Defendants' Motion to Dismiss—for breach of contract, violation of the Fifth Amendment, and Ultra Vires government action—and has attached 34 pages of documents.  (Dkt. No. 22 at 3; Dkt. No. 22-1.)  But, at this stage of the case, the Court is limited to considering the allegations in the FAC.  The Court cannot consider the new claims or evidence, which are raised for the first time in opposition.  *See Maisano v. Daniels*, 87 F.3d 1320, *3 (9th Cir. 1996) ("The district court did not err when it refused to consider additional claims which [Plaintiff] raised in his opposition to the motion to dismiss.") (unpublished opinion); *Gumataotao v. Dir. of Dep't of Revenue & Tax'n*, 236 F.3d 1077, 1083 (9th Cir. 2001) (district court did not err when it refused to consider, on a motion to dismiss, extrinsic evidence not referenced in complaint).

However, even if Duran's opposition is interpreted as a motion for leave to file a second amended complaint, the motion would be denied because further amendment would be futile.  The proposed new claims are too vague and conclusory, and therefore do not state a claim showing entitlement to relief.  *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650 (9th Cir. 1984) (affirming denied of leave to file a second amended complaint where the proposed complaint "like the first amended complaint, contain[ed] only conclusionary allegations, unsupported by facts") (quotation omitted).

**IT IS SO ORDERED.**

Dated: October 3, 2025

                                                RITA F. LIN
                                                United States District Judge